PER CURIAM.
The Florida Bar petitions this Court, pursuant to rule 1-12.1, Rules Regulating The Florida Bar, to amend the rules regulating The Florida Bar. Specifically, The Florida Bar requests an amendment to rule 6-8.-3(a)(1) and (3), permitting individuals who have served as county court judges to apply for criminal trial certification. Similarly, The Florida Bar requests an amendment to rule 6-8.5(a)(l) and (3), eliminating the requirement that only appellate judges may apply for criminal appellate certification. Finally, The Florida Bar proposes the adoption of rule 6-11, establishing standards for certification in the area of worker’s compensation law. We approve these requests. Therefore, rule 6-8.3(a)(l) is amended to read as follows:
(1) At least five (5) years of the actual practice of law of which at least forty (40) percent has been spent in active participation in criminal trial law. At least three (3) years of this practice shall be immediately preceding application or, during those three (3) years the applicant may have served as a judge, of a court of general-jurisdiction- adjudicating criminal trial matters.
Rule 6-8.3(a)(3) is amended to read as follows:
*1237 (3) Within the three (3) years immediately preceding application, the applicant’s substantial involvement must be sufficient to demonstrate special competence as a criminal, trial lawyer. Substantial involvement includes investigation, evaluation, pleading, discovery, taking of testimony, presentation of evidence, and argument of jury or nonjury cases. For good cause shown, the criminal law certification committee may waive two (2) of the three (3) years of substantial involvement for individuals who have served as judges, of courts of general jurisdiction adjudicating- criminal trial matters. In no event may the year immediately preceding application be waived.
Rule 6-8.5(a)(l) is amended to read as follows:
(1) At least five (5) years of the actual practice of law of which at least forty (40) percent has been spent in active participation in criminal appellate law. At least three (3) years of this practice shall be immediately preceding application or, during those three (3) years, the applicant may have served as an appellate court a judge, adjudicating criminal mat-terSr The five (5) years of criminal appellate practice shall include brief writing, motion practice, oral arguments, and extraordinary writs sufficient to demonstrate special competence as a criminal appellate lawyer.
Rule 6-8.5(a)(3) is amended to read as follows:
(3) Within the three (3) years immediately preceding application, the applicant’s substantial involvement must be sufficient to demonstrate special competence as a criminal appellate lawyer. Substantial involvement includes brief writing, motion practice, oral arguments and extraordinary writs. For good cause shown, the criminal law certification committee may waive two (2) of the three (3) years substantial involvement for individuals who have served as appellate court judges, adjudicating criminal -matters. In no event may the year immediately preceding application be waived.
We adopt rule 6-11, Standards for Certification of a Board Certified Worker’s Compensation Lawyer, as appended to this opinion.
These amendments will be effective at 12:01 a.m., July 1, 1987.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
6-11. STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED WORKERS’ COMPENSATION LAWYER.
6-11.1. Generally.
A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Workers’ Compensation Lawyer.” The purpose of the standards is to identify those lawyers who practice workers’ compensation law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified workers’ compensation lawyers.
6-11.2. Definitions.
(a) “Workers’ compensation” is. the practice of law involving the analysis and litigation of problems or controversies arising out of the Florida Workers’ Compensation Law (chapter 440, Florida Statutes).
(b) The “practice of law” for this area is defined as set out in rule 6-3.5(c)(l) of the rules governing the Florida Certification Plan. Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of workers’ compensation law subjects in an accredited law school.
6-11.3. Minimum standards.
(a) Substantial involvement. To become certified as a workers’ compensation lawyer, a lawyer must demonstrate substantial involvement in workers’ compensation law. Substantial involvement shall include:
(1) At least five (5) years of the actual practice of law of which at least thirty (30) percent of each year has been spent in active participation in workers’ compensa *1238 tion law. At least three (3) years of this practice shall be immediately preceding application or, during those three (3) years, the applicant may have served as a deputy commissioner adjudicating workers’ compensation matters.
(2) The trial of a minimum of thirty (30) contested workers’ compensation cases. All such cases must have involved substantial legal or factual issues. In each of these thirty (30) cases the applicant shall have been responsible for all or a majority of the presentation of evidence and representation of the client.
(3) Within the three (3) years immediately preceding application, the applicant shall have substantial involvement in contested workers’ compensation cases sufficient to demonstrate special competence as a workers’ compensation lawyer. Substantial involvement includes investigation, evaluation, pleadings, discovery, taking of testimony, presentation of evidence and argument, and trial of workers’ compensation cases. Substantial involvement also includes active participation in the appeal of workers’ compensation cases. For good cause shown, the workers’ compensation certification committee may waive up to two (2) of the three (3) years substantial involvement for individuals who have served as deputy commissioners adjudicating workers’ compensation matters.
(b) References. The applicant shall select and submit names and addresses of five (5) lawyers, not associates or partners, as references to attest to the applicant’s involvement in workers’ compensation practice. Such lawyers themselves shall be involved in workers’ compensation law and shall be familiar with the applicant’s practice. Except for those who qualify under rule 6-11.4, no less than one shall be a deputy commissioner before whom the applicant has appeared as an advocate in the trial of a workers’ compensation case in the two (2) years immediately preceding the application. In addition, the workers’ compensation certification committee may, at its option, send reference forms to other attorneys and deputy commissioners.
(c) Education. The applicant shall make a satisfactory showing that within the three (3) years immediately preceding application he or she has accumulated at least thirty (30) hours of approved continuing legal education in the field of workers’ compensation law.
(d) Examination. The applicant must pass an examination applied uniformly to all applicants to demonstrate efficient knowledge, proficiency, and experience in workers’ compensation law to justify the representation of special competence to the legal profession and to the public.
6-11.4. Deputy commissioners.
An applicant who has served as a deputy commissioner in at least four (4) of the five (5) years immediately preceding application shall be deemed to have met the requirements of rule 6-11.3(a).
6-11.5. Recertification.
To be eligible for recertification, an applicant must meet the following requirements:
(a) Continuous substantial involvement in the practice of law, of which thirty (30) percent of each year has been spent in active participation in workers’ compensation law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-11.3(a)(3).
(b) The trial of a minimum of twenty-five (25) contested workers’ compensation cases during the period since the last date of certification. All such cases must have involved substantial legal or factual issues.
(c) Completion of the reference requirements set forth in rule 6-11.3(b). The references submitted must be able to attest to the applicant’s practice and involvement in workers’ compensation practice throughout the period since the last date of certification.
(d) Completion of at least seventy-five (75) hours of approved continuing legal education in workers’ compensation law since the last date of certification.